UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLORIA LEONARES,

         Plaintiff,

   v.

WELLS FARGO BANK, N.A.;
WESTERN RECONVEYANCE
CORPORATION; and
DOES 1 to 100, inclusive,

         Defendants.
_____/

NO. CIV. S-10-2012 LKK/KJM

O R D E R

Plaintiff Gloria Leonares brings an action seeking damages, injunctive relief, and rescission of the trustee sale of the home she now occupies. Defendant Wells Fargo Bank moves to dismiss her claims. For the reasons discussed below, the court dismisses plaintiff's federal claim and orders the parties to show cause as to why her remaining claims should not be remanded to state court.

### I. BACKGROUND

**A.  Factual Background**

Plaintiff Gloria Leonares ("Leonares") occupies a property at

1

5421 Zinfandel Lane in Vallejo, CA, with her family. Leonares purchased this home in 2001 with an adjustable rate mortgage. Defendant Wells Fargo Bank ("Wells Fargo") is the successor in interest to World Savings, the bank from which Leonares secured her mortgage. Defendant Cal Western Reconveyance Corporation ("Cal Western"), is a corporation which apparently oversaw a recent foreclosure sale of the property on behalf of Wells Fargo. At some point, the exact time of which is not clear to the court, Leonares attempted to refinance and was told that she could not qualify for refinancing because she had recently filed for bankruptcy.[1] According to plaintiff, her loan consultant, Petur Thordarson ("Thordarson") of the Atlantic Bancorp of America, offered to help Leonares refinance her loan by using his personal credit. The plan Thordarson proposed involved transferring ownership of the home to Thordarson by quitclaim, the purchase of which Thordarson would secure through a new loan. After this transaction, Thordarson would quitclaim all his interest back to Leonares. The transfer was not executed as planned. Leonares apparently regained title to her home only after she filed suit against Thordarson in February 2007 and received an order to that effect from the Solano County Superior Court.[2]

The loan secured by Thordarson for this second transaction was

---

[1] It is not clear from plaintiff's amended complaint, whether the bankruptcy filing occurred in 2002 or 2003. See Compl., Doc. No. 17 at 3 and 6 (Oct. 26, 2010).

[2] Documentation of this order was not submitted.

2

for $700,000. The plaintiff asserts that this amount is larger than the value of the property, which was purchased by Leonares "probably" at the top of its value for less than $350,000 in 2001. Compl., Doc. No. 17 at 4 (Oct. 26, 2010). Plaintiff alleges that Thordarson personally took $164,000 of the proceeds of the loan that were due to Leonares. Id.

According to plaintiff, Leonares made timely mortgage payments from July 2005 until March 2008. In March 2008, Wells Fargo Bank stopped accepting payments from Leonares because she was not a party to the loan transaction. Mot. Doc. No. 18 at 2 (Nov. 1, 2010). The loan went into default, and it appears that a foreclosure sale occurred sometime in 2010. Mot. Doc. No. 18 at 2 (Nov. 1, 2010). Since that time, Wells Fargo initiated an unlawful detainer action in Solano County Court to remove Leonares from the property. Request for Judicial Notice, Doc. No. 19 ex.3 at 18 (Nov. 1, 2010).

**B.   Procedural Background**

In March 2010, Leonares brought suit against Wells Fargo and Cal Western[3] in Solano County Superior Court, alleging violations of 12 U.S.C. § 2601, *et seq*. (the Real Estate Settlement Procedures Act or "RESPA"), negligence, and negligent misrepresentation. Leonares sought postponement or rescission of the foreclosure sale and compensatory and punitive damages. On July 28, 2010, Wells removed the action to this court on the basis that the RESPA claim

---

[3] Cal Western has not appeared in this case. It appears that plaintiff has not served Cal Western.

3

raises a federal question. Notice of Removal, Doc. No. 1 at 1 (July 28, 2010). On October 26, 2010, Leonares filed an amended complaint, including the following claims for relief: (1) injunction of the trustee sale of her home, (2) rescission of the trustee sale, (3) equitable lien on the property, (4) wrongful foreclosure, (5) negligent misrepresentation, (6) breach of fiduciary duty, (7) request for an accounting (8) breach of contract and the covenant of good faith, (9) promissory estoppel, and (10) violations of Cal. Bus. & Prof. Code § 17200 *et seq*. FAC, Doc. No. 17 (Oct. 26, 2010). On November 1, 2010 Wells filed a motion to dismiss the First Amended Complaint, asserting that Leonares' claim is not plausible, that Wells has no duty to Leonares, that her claims are barred by statutes of limitations, and that the requested injunction is prohibited by the anti-injunction act.

**II. STANDARD FOR A FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS**

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.

4

1  Ct. 1937, 1950 (2009). "While legal conclusions can provide the
2  framework of a complaint," neither legal conclusions nor conclusory
3  statements are themselves sufficient, and such statements are not
4  entitled to a presumption of truth. <u>Id.</u> at 1949-50. <u>Iqbal</u> and
5  <u>Twombly</u> therefore prescribe a two step process for evaluation of
6  motions to dismiss. The court first identifies the non-conclusory
7  factual allegations, and the court then determines whether these
8  allegations, taken as true and construed in the light most
9  favorable to the plaintiff, "plausibly give rise to an entitlement
10 to relief." <u>Id.</u>; <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

11 "Plausibility," as it is used in <u>Twombly</u> and <u>Iqbal</u>, does not
12 refer to the likelihood that a pleader will succeed in proving the
13 allegations. Instead, it refers to whether the non-conclusory
14 factual allegations, when assumed to be true, "allow[] the court
15 to draw the reasonable inference that the defendant is liable for
16 the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. "The
17 plausibility standard is not akin to a 'probability requirement,'
18 but it asks for more than a sheer possibility that a defendant has
19 acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). A
20 complaint may fail to show a right to relief either by lacking a
21 cognizable legal theory or by lacking sufficient facts alleged
22 under a cognizable legal theory. <u>Balistreri v. Pacifica Police
23 Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

### III. ANALYSIS

25 Plaintiff brings an enumerated claim for violation of RESPA
26 and relies upon such violation as the partial basis for her

5

wrongful foreclosure claim and negligent misrepresentation claim. Specifically, she bases these claims, in whole or in part, upon the contention that misrepresentations were made in her HUD-1 settlement statement which violate "the very substance of RESPA." FAC, Doc. No. 17, at 14. While plaintiff does not cite a specific provision of RESPA or provide statutory language, the only applicable section of the statute is 12 U.S.C. § 2603, which describes the uniform settlement statement owed to the borrower prior to settlement of a mortgage loan.

RESPA creates several private causes of action, but it does not create one for violation of this section. See 12 U.S.C. §§ 2605(f), 2607(d), 2608(b) (expressly creating private causes of action); see also 12 U.S.C. § 2614 (describing statute of limitations for only §§ 2605, 2607, and 2608). Based on the absence of explicit language establishing a private right of action for violations of § 2603, federal courts in California have consistently determined that violation of the section does not support a private cause of action. See Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010); Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1133 (E.D. Cal. 2010); Alan v. Greenpoint Mortgage Funding, 730 F. Supp. 2d 1071, 1076 (N.D. Cal. 2010); Lopez v. Wachovia Mortgage, No. 2:09-CV-01510-JAM-DAD, 2009 WL 4505919 at *4 (E.D. Cal. Nov. 20, 2009). Congressional intent is dispositive of the existence of a private right of action. Stupy v. U.S. Postal Serv., 951 F.2d 1079, 1082 (9th Cir. 1991). Here, the court agrees with its

6

sister courts' conclusion that § 2603 cannot support a private right of action. Thus, plaintiff's specifically enumerated RESPA claim is dismissed.[4]

When determining whether an a state law cause of action arises under federal law for purposes of federal subject matter jurisdiction, courts must determine whether Congress intended to provide "a private federal remedy for violations of the statute it enacted." <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 811 (1986). To determine such intent, courts consider four factors: "(1) [whether] the plaintiffs are . . . part of the class for whose special benefit the statute was passed; (2) [whether] the indicia of legislative intent reveal[s a] congressional purpose to provide a private cause of action; (3) [whether] a federal cause of action would not further the underlying purposes of the legislative scheme; and (4) [whether the plaintiff's] cause of action is a subject traditionally relegated to state law." <u>Id.</u> at 810-11. Here, plaintiff premises

---

[4] Even if Congress had created a private right of action for misrepresentations in the HUD-1, plaintiff's claim is clearly time-barred. The statute of limitations to bring claims for violation of RESPA is either one year or three years from the date on which the violation is alleged to have occurred depending on the subsection of the statute a plaintiff claims has been violated. 12 U.S.C. § 2614. Assuming, without deciding, that plaintiff is entitled to equitable tolling until she became aware of Thordarson's allegedly fraudulent misrepresentations on the HUD-1, it is clear that she is not entitled to such tolling after she brought her case in state law for title resulting from Thordarson's conduct. Plaintiff alleges that her title lawsuit was filed in February 2007; she filed her original complaint in this action on March 22, 2010 in state court. Thus, even if Congress had created a private right of action for plaintiff's claims under RESPA, they would be untimely under the Act.

7

her state law claims of wrongful foreclosure and negligent misrepresentation, in part, on a violation of § 2603.[5] Both claims are traditionally subject to California law. Congress explicitly did not create a private right of action under § 2603, but did do so for other sections of the statute. In so doing, Congress has expressed an intent not to create a private cause of action for violation of this section. Thus, plaintiff's references to RESPA in her wrongful foreclosure and negligent misrepresentation claims do not support federal jurisdiction in this case.

### IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) Plaintiff's claim for violation of RESPA is DISMISSED WITH PREJUDICE.

(2) It appears that this case subsequently presents no federal question. If that is the case, the court will decline to exercise supplemental jurisdiction over the remaining claims under California law. 28 U.S.C. 1367(c)(3). The parties are therefore ORDERED TO SHOW CAUSE within seven days of the issuance of this order why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: April 7, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5] The other bases of these claims do not sound in federal law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26